UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



JULIET WRIGHT,

    Plaintiff,

v.                                  ACTION NO. 4:12cv153

JAMES CITY COUNTY,

    Defendant.

### MEMORANDUM DISMISSAL ORDER

On September 17, 2012, Plaintiff brought this pro se action alleging employment discrimination on the basis of disability.

### Procedural History

As this case progressed and as substantive matters were being considered, discovery disputes were ongoing. Plaintiff initially failed to produce medical records and other information in response to Defendant's discovery requests. Plaintiff expressed concern about the confidentiality of these records. Defendant prepared a consent protective order to address Plaintiff's concern, but Plaintiff refused to sign it. After the impasse could not be resolved, Magistrate Judge Leonard held a hearing on the outstanding discovery issues on June 19, 2013, and issued an Order on June 20, 2013. D.E. # 59. The Order required Plaintiff to

submit responsive materials to certain discovery requests[1] by July 5, 2013, and the court entered a Protective Order to cover any confidential information. D.E. # 60.

Nonetheless, Plaintiff continued to refuse to submit medical records and discovery materials responsive to certain requests. Among other things, Plaintiff withheld her relevant medical records, documents relating to her pursuit of Social Security benefits, and documents related to prior EEOC proceedings. See D.E. # 72. Accordingly, Defendant filed a Motion for Supplementary Relief, seeking an Order requiring compliance with the court's earlier Order. D.E. # 65. On December 9, 2013, the court granted Defendant's Motion for Supplementary Relief and again ordered Plaintiff to respond to the requests for production of documents. D.E. # 72. The December 9, 2013, Order compelled responses to the outstanding requests for production of documents, specifically requests 1, 2, 3, 7, and 8. The court explained thoroughly its reasoning and specifically addressed Plaintiff's objections. The Order ruled that Plaintiff's failure to respond was not substantially justified or harmless because her refusal to produce the information would hamper Defendant's ability to defend this action. D.E. # 72 at 7. The court declined, however, to impose monetary sanctions at that time because of Plaintiff's *pro se* and

---

[1] Specifically, Plaintiff was ordered to respond fully to documents requests 1-8, 10, and 12.

2

*in forma pauperis* status. Instead, Plaintiff was afforded another chance to comply. She was directed to respond fully to discovery no later than December 23, 2013. Defendant was directed to file a Second Motion for Supplemental Relief, if Plaintiff did not timely respond.

Plaintiff did not respond by the deadline. Instead, she filed on December 19, 2013, a Motion for Reconsideration of the December 9, 2013, Order. D.E. # 73. The court denied Plaintiff's Motion for Reconsideration by Order filed December 20, 2013. D.E. # 76.

Defendant then wrote Plaintiff and offered her additional time to comply. Plaintiff replied by letter dated January 3, 2014, reiterating that she refused and that she intended to continue to refuse to produce the documents. After receipt of Plaintiff's letter, Defendant then filed a Second Motion for Supplementary Relief. D.E. # 78. The Second Motion seeks dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff responded to the Second Motion for Supplementary Relief, and Defendant replied. Accordingly, the Second Motion for Supplementary Relief is ripe for decision.

<u>Analysis of Second Motion for Supplementary Relief</u>

Dismissal of an action as a result of discovery abuse is obviously one of the most severe sanctions that can be imposed. But, in this case, it is indeed warranted. In determining the appropriate remedy for discovery sanctions, the court must

consider, "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). When dismissal is sought as the sanction, the court specifically considers:

> (1) the degree to which the party's non-compliance is due to willfulness, bad faith or any fault of that party and not to simple inability to comply; (2) whether the party's non-compliance has "materially" affected the "substantial rights of the adverse party" and has prejudiced the adverse party's ability to present its case; (3) the degree to which the party's non-compliance represents such "flagrant bad faith" and "callous disgregard" of the party's obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to the adverse party but as a necessary deterrent to others; and (4) whether the sanction of dismissal is no more severe than is necessary to prevent prejudice to the party moving for dismissal.

Kearns v. General Motors Corp., No. 93-966-A, 1997 U.S. Dist. LEXIS 22294, *8 (E.D. Va. Aug. 8, 1997) (quoting Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-05 (4th Cir. 1977)).

These factors are satisfied in this case. Plaintiff has been repeatedly advised of her obligations both by Defendant and by the court. Plaintiff has advanced a variety of arguments throughout this litigation as to why she should not have to produce her medical records. Her arguments have included that: the records are confidential under HIPAA; that she is entitled to withhold the records because she plans to use them for rebuttal or impeachment

4

during the trial; that the discovery deadline has passed and that therefore the Defendant waived her non-compliance; that the Magistrate Judge's Orders are "illegal" and predicated upon bias; that producing the documents will "disturb" the pending summary judgment motion; and that the requested information could be obtained through FOIA. The court has considered each objection and patiently explained its basis for overruling each argument. Plaintiff is not the final arbiter of what the law is. The court is, and the court has not agreed with Plaintiff.

This court previously found dismissal an appropriate sanction for another litigant who "continue[d] to litigate in a style which apparently suits his own version of how the law *should* work, but which ignore[d] the reality of how the law *does* work." Kearns, 1997 U.S. Dist LEXIS 22294, *13. Plaintiff here has acted not out of an inability to comply, or out of confusion, but in obstinate, willful adherence to her incorrect and overruled positions. Magistrate Judge Leonard overruled these positions in the June 20, 2013, Order, and again in the December 9, 2013, Order. Plaintiff did not object to the June 20, 2013, Order, as permitted by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. Accordingly, the directives in the June 20th Order became final and binding upon Plaintiff,[2] and Plaintiff was obliged to comply.

---

[2]Plaintiff did file a "Motion for Reconsideration of Magistrate Judge Leonard's Order dated December 9th 2013." D.E. # 73. The Magistrate Judge considered the Motion as a Motion for

The harm to Defendant is substantial. Document request 1 asked for medical records relevant to Plaintiff's medical treatment since 2008, the first time Plaintiff mentioned the allegedly disabling condition. If this case were to proceed without the complete production of Plaintiff's medical records, Defendant would be required to defend this case with only the selective medical information Plaintiff chose to release – a fundamentally unfair result.[3] Plaintiff cannot maintain a suit premised upon an alleged

---

Reconsideration (as it was titled), and promptly denied it. D.E. # 76. Plaintiff did not state that she was objecting to the rulings pursuant to Fed. R. Civ. P. 72(a) or 28 U.S.C. § 636.
    Plaintiff did, however, state in D.E. # 73 that she wanted: "the Rulings and actions of Magistrate Judge Leonard to be reviewed since the beginning of this action in this court by Judge Smith." Therefore, Plaintiff may have intended that the "Motion for Reconsideration" be her objections to the December 9, 2013, Order. Therefore, the undersigned reviewed fully the arguments set forth in D.E. # 73, none of which have merit. Plaintiff offered no valid reason to refuse to produce the medical records in her possession in their entirety. That the discovery cutoff passed before Plaintiff complied with the requests does not excuse her non-compliance, which thereby caused the time to run. Plaintiff is not entitled to select which medical records <u>she</u> <u>deems</u> <u>relevant</u> and withhold the production of others <u>she</u> <u>deems</u> <u>otherwise</u>. Plaintiff is not entitled to withhold relevant, responsive documents because she intends to use them for impeachment. Documents related to the prior EEOC proceedings are not confidential or privileged. Similarly, a request for documents related to Plaintiff's pursuit of Social Security benefits is reasonably calculated to lead to the discovery of potentially admissible evidence. The Magistrate Judge's pre-trial discovery rulings are neither "clearly erroneous [n]or contrary to law." 28 U.S.C. § 636(b)(1)(A).

[3]The court further notes that Defendant already has been negatively impacted by Plaintiff's withholding of relevant evidence. Despite the lack of medical records, Defendant filed a motion requesting summary judgment, D.E. # 42, which was referred to United States Magistrate Judge Leonard for a recommended disposition. D.E. # 64. The Magistrate Judge recommended denying

6

disability, yet refuse to provide her medical records. Plaintiff's medical condition is not a tangential issue in this case, it is <u>the</u> issue.

Dismissal of this case is warranted to deter continued violations of the court's discovery orders, thereby preventing the Defendant from defending this case. After two Orders of this court unambiguously told Plaintiff to produce her medical records, Plaintiff defiantly advised Defendant that "the only way you will get any medical documents from my doctors or me is if the Health and Human Services along with the Justice Department says you can . . . ." D.E. # 79-2 at 3. She further stated, "I do not care what the Magistrate Judge wrote because he abused his discretion and acted with plain error outside the law in accordance to the [sic] all the legal arguments and research that I conducted." <u>Id.</u> at 2. Not only does this defiance of court orders show that no less drastic sanction than dismissal would be effective, it highlights the need to demonstrate that litigants must understand that heeding the court's orders is not optional. As expressed by

---

the motion because of uncertainty about Plaintiff's medical condition. D.E. # 75. Specifically, the Magistrate Judge noted that the record was uncertain as to when Plaintiff's tremors began and as to their severity. Defendant's ability to address these issues was hindered by Plaintiff's failure to produce all potentially relevant records. The court does not now review Defendant's objection to D.E. # 25, filed January 3, 2014, D.E. # 77, as the disposition of the Second Motion for Supplemental Relief **MOOTS** consideration of the objection. See <u>infra.</u> note 4 and accompanying text.

one district court, "[t]he need to deter this type of stalling and disrespect for the authority of the court is self-evident. Parties cannot be allowed to ignore direct orders of the court with impunity." Mut. Fed. Savings and Loan Ass'n v. Richards & Assocs. Inc., No. 86-0507-R, 1988 U.S. Dist. LEXIS 18408, at *3 (W.D. Va. June 13, 1988). As the Fourth Circuit noted, "ignoring direct orders of the court . . . must obviously be deterred." Mut. Fed. Savings and Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 93 (4th Cir. 1989).

The court finds that alternate or less drastic sanctions would not suffice in this case. Plaintiff has previously been granted every opportunity and multiple extensions of time to provide the information. Given her intransigence, additional opportunities will not alter the result. Plaintiff had been sternly advised before that "further disobedience to this Court's Order will not be countenanced," D.E. # 72 at 8, so she was alerted to the gravity of the situation and to the possibility that continued non-compliance would result in negative consequences, such as the dismissal of her action, requested by Defendant, D.E. # 78, to which Plaintiff responded with continued defiance. D.E. # 79. Given Plaintiff's ongoing refusal to provide documents relevant to the fundamental issue in this case, no more limited sanction will prevent prejudice to Defendant.

Conclusion

Under these facts, dismissal of this action is appropriate. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (finding that the "extreme sanction of dismissal was appropriate" under similar facts). Therefore, the court **GRANTS** Defendant's Second Motion for Supplemental Relief and **DISMISSES** this action.[4]

Plaintiff may appeal from this Memorandum Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/ RBS
Rebecca Beach Smith
Chief
United States District Judge

March 18, 2014

---

[4]This ruling renders the pending objection to the Report and Recommendation, the Motion for Summary Judgment, and all other remaining issues **MOOT**. See supra note 3.